Austin WHITESIDE, Appellant

v.

**FORD MOTOR CREDIT COMPANY,**
**Appellee.**

No. 05–06–01134–CV.

Court of Appeals of Texas,
Dallas.

April 9, 2007.

Austin Whiteside, Blue Ridge, Appellant pro se.

Joan Myers, Bedford, for Appellee.

Before Justices WHITTINGTON, FRANCIS, and LANG.

## OPINION

Opinion by Justice FRANCIS.

Austin Whiteside appeals the trial court's summary judgment in favor of Ford Motor Credit Company. In three issues, appellant contends the trial court erred in granting summary judgment because he was not properly notified of the summary judgment submission, he did not admit all claims as asserted by appellee, and all essential elements of appellee's claim were not conclusively proven. We affirm.

Appellee financed appellant's purchase of a Ford F–150 pickup truck. The financing contract obligated appellant to make monthly payments of $529.02. Appellant defaulted on his payments with $20,490.62 still due.

Appellee sued appellant for the balance due and attorney's fees. The petition included a sworn account and incorporated requests for admissions regarding appellant's indebtedness. Appellant filed a pro se answer "denying all and its entirety of the Original Petition." In his answer, appellant further indicated that he was incarcerated and unable to access documents and related materials necessary for his defense. Appellant's answer was not sworn and did not meet the requirements to qualify as an unsworn declaration by an inmate. See TEX. CIV. PRAC. & REM.CODE ANN. § 132.003 (Vernon 2005). Appellant did not respond to the requests for admission.

Appellee filed a motion for summary judgment on a sworn account. Appellee's motion recited that appellant had failed to answer in accordance with rule of civil procedure 185, and there is no genuine issue of material fact regarding his indebtedness. Appellee referred the trial court to appellant's unsworn answer and his failure to respond to requests for admission five through nine regarding his indebtedness and liability. The trial court mailed a notice stating the motion for summary judgment would be set for submission on May 26, 2006. The notice provided in bold letters that "[n]o oral hearing is scheduled for the pending summary judgment matter." The notice was mailed to appellant at his former residence rather than to the prison where he was incarcerated.

On May 15, 2006, appellant filed his pro se response to appellee's motion. In his response, appellant stated he was denying the allegations in appellee's motion and requests for admission five through nine. However, appellant attached no summary judgment evidence to his response and did not indicate why appellee would not be entitled to summary judgment. Appellant's response was not sworn nor would it

qualify as an inmate's unsworn declaration. On the same date, appellant also filed a motion for discovery in which he contended, without elaboration, that he "cannot make possible a proper defence [sic] against allegation(s) brought against him to meet his case at trial due to his incarceration. The defendant does not have related materials or councile [sic] to defend his self at this present time." There is no indication in the record that the motion was ever presented to the trial court.

The trial court granted summary judgment in appellee's favor. In the written judgment, the trial court recited that appellant "filed an unverified answer and failed to answer the admissions which are now deemed admitted . . . ."

Appellant filed a verified motion for new trial and an amended motion for new trial with an inmate's unsworn declaration. In both motions, appellant contended the summary judgment should be set aside because he had not received notice of the submission date. In the motion for new trial, appellant further contended he had a meritorious defense in that he had asked for discovery and his insurance carrier was liable for the debt. The trial court took no action on the motion for new trial, and determined that the amended motion was untimely. Appellant then filed this appeal.

Appellant filed his brief on October 19, 2006. By letter dated December 11, 2006, the Clerk of the Court notified appellant that his brief did not satisfy the requirements of rule of appellate procedure 38.1 because it did not contain references to the record, a certificate of service, and an appendix. See TEX.R.APP. P. 9.5(e), 38.1(d), (f), (h), and (j). Although directed to do so, appellant did not file an amended brief correcting the deficiencies.

We question whether appellant has waived error by failing to correct the deficiencies noted. See Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex.1994) (concluding inadequate briefing may waive issue). Regardless, after reviewing the record, we conclude reversal is unwarranted.

To prevail on a motion for summary judgment under rule of civil procedure 166(a)(c), the movant must establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. See TEX.R. CIV. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.1985). The movant bears the burden of proof and all doubts about the existence of a genuine issue of material fact are resolved against it. See Nixon, 690 S.W.2d at 548–49. All evidence and any reasonable inferences must be viewed in the light most favorable to the nonmovant. Id.

In his second and third issues, appellant contends summary judgment was improper because he did not admit appellee's requests for admissions as alleged and appellee did not conclusively prove all essential elements of its case. We disagree.

Texas Rule of Civil Procedure 185 provides:

When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties . . . on which a systematic record has been kept, and is supported by an affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of the affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as pri-

ma facie evidence thereof, unless the party resisting such claim shall file a written denial, under oath. A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided, however, that if he does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be. No particularization or description of the nature of the component parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings.

Tex.R. Civ. P. 185.

The record reflects appellee sued appellant on a sworn account and appellant did not file a written denial under oath. *See* Tex.R. Civ. P. 93(10), 185. When the defendant fails to file a sworn denial and the trial court enters summary judgment on a sworn account, appellate review is limited because the defendant will not be allowed to dispute the plaintiff's claim. *Panditi v. Apostle*, 180 S.W.3d 924, 926 (Tex.App.-Dallas 2006, no pet.). Provided the plaintiff has complied with rule 185, the sworn account is received as prima facie evidence of the debt and the plaintiff is entitled to summary judgment. *Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 562 (Tex.App.-Dallas 2003, pet. denied).

The record reflects appellee attached as exhibits to its original petition a sworn account affidavit of its employee and a copy of the vehicle retail installment contract between the parties. The affidavit verifies the contract, avers the claim is within the affiant's personal knowledge and is just and true, and that all offsets, payments, and credits have been allowed. The affidavit states a balance of $20,490.62 is due. Thus, the plaintiff has complied with rule 185. Appellant's failure to refute this evidence with a sworn denial precludes him from raising his second and third issues on appeal. *See Panditi*, 180 S.W.3d at 926; *Nguyen*, 108 S.W.3d at 562. Accordingly, we overrule appellant's second and third issues.

In his first issue, appellant contends the trial court erred in granting summary judgment to appellee because he was not notified of the submission of the summary judgment motion. The record reflects the trial court mailed a notice of submission to appellant's former address rather than his prison address. Appellant contends the lack of notice deprived him of due process of law. Even if we assume appellant did not receive the notice of submission, we conclude he still received due process of law, and the trial court's error, if any, was harmless.

Due process requires "notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). The rules of civil procedure afford the nonmovant twenty-one days' notice before a summary judgment hearing. Tex.R. Civ. P. 166a(c). The nonmovant's summary judgment response is due seven days before the hearing date. *Id.* Without notice of the hearing date, the nonmovant would not know when his response was due. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex.1998).

In this case, the trial court chose to take the summary judgment under submission without an oral hearing. *See Giese v. NCNB Tex. Forney Banking Ctr.*, 881 S.W.2d 776, 783 (Tex.App.-Dallas 1994, no pet.) (permitting trial court discretion to forego oral hearing in summary judgment proceedings). Thus, appellant's due pro-

cess rights were satisfied as long as he received a reasonable opportunity to present his written response and evidence. *Cf. Peralta*, 485 U.S. at 84, 108 S.Ct. 896.

Although appellant contends he did not have an opportunity to present a response, the record shows he filed a response to appellee's motion for summary judgment. Appellant does not describe what further response he wished to make nor does he set forth any evidence he was precluded from presenting to the trial court. We conclude the trial court did not violate appellant's right to due process of law. *Cf. Dunn v. Bank–Tec South*, 134 S.W.3d 315, 321 (Tex.App.-Amarillo 2003, no pet.) (concluding trial court did not violate due process rights of party given inadequate notice of summary judgment hearing where party attended and participated in summary judgment hearing).

Further, even if we concluded the trial court erred in not giving appellant notice of submission as required by rule 166a(c), the error is not reversible unless it either "(1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." *See* Tex.R.App. P. 44.1(a). Given that appellant timely filed a summary judgment response, he has not shown any harm, and he has no apparent meritorious defense, we cannot conclude that the alleged lack of notice probably caused the rendition of an improper judgment or probably prevented him from properly presenting the case on appeal. *Compare Martin*, 989 S.W.2d at 359 (concluding trial court's error in granting summary judgment without notifying nonmovant of submission was harmless when trial court later considered nonmovant's response and reaffirmed its original ruling), *with Aguirre v. Phillips Props., Inc.*, 111 S.W.3d 328, 334–35 (Tex.App.-Corpus Christi 2003, pet. denied) (op. on

reh'g) (concluding non-movant deprived of due process of law when he received no notice of summary judgment hearing and was thus prevented from filing a response). We overrule appellant's first issue.

We affirm the trial court's judgment.