

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00287-CV

| | | |
|---|---|---|
| Geoffrey Anson Wilner | § | From the 342nd District Court |
| v. | | |
| | § | of Tarrant County (342-248678-10) |
| Deutsche Bank National Trust Company as Trustee for Argent Securities Inc. Asset-Backed Pass-Through Certificates, Series 2006-W4, and American Home Mortgage Servicing, Inc. | § | December 21, 2012 |
| | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

It is further ordered that appellant Geoffrey Anson Wilner shall pay all costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00287-CV

GEOFFREY ANSON WILNER                    APPELLANT

V.

DEUTSCHE BANK NATIONAL                    APPELLEES
TRUST COMPANY AS TRUSTEE
FOR ARGENT SECURITIES INC.
ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-W4,
AND AMERICAN HOME
MORTGAGE SERVICING, INC.

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In the two issues in his opening brief, Appellant Geoffrey Anson Wilner appeals the trial court's summary judgment for Appellees Deutsche Bank National Trust Company as Trustee for Argent Securities Inc. Asset-Backed

---

[1]*See* Tex. R. App. P. 47.4.

Pass-Through Certificates, Series 2006-W4, and American Home Mortgage Servicing, Inc. (AHMSI), arguing that summary judgment was improper because the appellees (collectively, Deutsche Bank) cannot show as a matter of law the right to enforce a note or the validity of the note's assignment.[2]

---

[2]Wilner began this appeal represented by counsel, but he terminated counsel's representation after counsel filed his opening brief, and then he filed a pro se reply brief. In his pro se reply brief, Wilner raises two new issues, arguing that the affidavit sponsoring Deutsche Bank's note was not competent summary judgment evidence and that he was denied due process when the trial court granted summary judgment while discovery remained outstanding. We will not consider these new issues. *See* Tex. R. App. P. 38.3; *Wells Fargo Bank, N.A. v. Blackburn*, No. 02-10-00166-CV, 2011 WL 346951, at *8 (Tex. App.—Fort Worth Feb. 3, 2011, no pet.) (mem. op.) (stating that issues raised for the first time in a reply brief are not preserved for appeal); *City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 754 n.16 (Tex. App.—Fort Worth 2008, pet. dism'd) (same); *see also Branch v. Fannie Mae*, No. 02-11-00355-CV, 2012 WL 3030525, at *1 (Tex. App.—Fort Worth July 26, 2012, no pet.) (mem. op.) (stating that pro se parties are treated the same as licensed attorneys to ensure fairness in the treatment of all litigants); *City of Arlington v. Centerfolds, Inc.*, 232 S.W.3d 238, 250 (Tex. App.—Fort Worth 2007, pet. denied) (stating that due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner); *cf. Whiteside v. Ford Motor Credit Co.*, 220 S.W.3d 191, 194–95 (Tex. App.—Dallas 2007, no pet.) (concluding that appellant's due process rights were satisfied in summary judgment proceeding as long as he received a reasonable opportunity to present his written response and evidence).

Further, even if Wilner had raised his evidentiary complaint in his opening brief, he did not object to the affidavit before or during the summary judgment hearing, and although he refers us to the portion of the hearing on his motion for rehearing in which he claims that he objected that the affidavit amounted to incompetent hearsay evidence, his actual objection was that the note was presented "with just an affidavit and the affiant not being present for questioning, it's just hearsay." *See* Tex. R. App. P. 33.1; *cf.* Tex. R. Civ. P. 166a(c), (f). Wilner does not appeal the denial of his motion for reconsideration.

4

## A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010), *cert. denied*, 131 S. Ct 1017 (2011), *see* Tex. R. Civ. P. 166a(b), (c).

## B. Trial Court Proceedings

In his October 2010 pro se original petition to quiet title, Wilner sought to have an assignment of his debt obligation on a home equity loan removed from the county real property records. He admitted in his original petition and during at least one of the three hearings that followed Deutsche Bank's motion for summary judgment that he was not challenging the original deed of trust on the home equity loan that he had taken out with Argent Mortgage Loan, LLC. However, Wilner also claimed in his original petition that Deutsche Bank was not a holder in due course and challenged the validity of his signature on the note,

5

and during the summary judgment hearing and subsequent hearings, he orally complained that the note was not authentic. Wilner included several copies of the note signed on March 17, 2006, within his thirty-five exhibits (totaling over 500 pages) attached to his original petition; he incorporated by reference only three of the exhibits: Exhibits C, J, and O.[3]

---

[3]Exhibit C contained a title search report by ProTitleUSA.com, which showed in summary that Wilner had signed a mortgage for $70,500 with Argent Mortgage Company, LLC on March 17, 2006, and that an assignment to Deutsche Bank National Trust Company was recorded on February 19, 2009. It also included a copy of the seventeen-page March 17, 2006 "Texas Home Equity Security Instrument (First Lien)" between Argent Mortgage Company, LLC and Wilner and a copy of a page from the Tarrant County Courthouse Real Property records reflecting that it had been recorded on March 23, 2006 at 4:00 p.m.; a copy of the "Texas Home Equity Affidavit and Agreement" by Wilner and a copy of a page from the Tarrant County Courthouse Real Property records reflecting that it had been recorded on March 23, 2006 at 4:00 p.m.; a copy of a "Limited Power of Attorney" in which Argent Mortgage Company, LLC appointed Citi Residential Lending Inc. as its attorney-in-fact to service the loan, signed on September 29, 2007, and a copy of a page from the Tarrant County Courthouse Real Property records reflecting that it had been recorded on October 22, 2007; and a copy of a "Corporate Assignment of Deed of Trust," from Citi Residential Lending, Inc. as attorney-in-fact for Argent Mortgage Company, LLC, assigning the deed of trust and note to Deutsche Bank as trustee for Argent Securities Inc. Asset-Backed Pass-Through Certificates, Series 2006-W4, under the Pooling and Servicing Agreement dated April 1, 2006, with an effective date of February 11, 2009, a signing date of February 13, 2009, and a filing stamp of February 19, 2009, at 12:18 p.m. The "Corporate Assignment of Deed of Trust" was signed by Bryan Bly as vice-president of Citi Residential Lending Inc. The same "Corporate Assignment of Deed of Trust" comprised Wilner's Exhibit O.

Exhibit J included copies of online articles about Bly and the Florida foreclosure process; copies of assignments of mortgages and corporate assignments of deeds of trust on properties in other states signed by Bly as vice-president of either Citi Residential Lending, Inc. or other financial institutions, or signed by others listed as vice-presidents of financial institutions and notarized by Bly; and copies of some Florida statutes. *Cf.* Tex. R. Civ. P. 59.

6

Deutsche Bank filed a motion for traditional and no-evidence summary judgment in April 2011 but abandoned the no-evidence portion at the summary judgment hearing. In the traditional portion of its motion, Deutsche Bank argued that the summary judgment evidence showed as a matter of law that it was entitled to enforce the subject note and deed of trust because it had physical possession of the note along with the right to enforce it. Specifically, Deutsche Bank claimed that "physical possession of the original, wet ink Note, indorsed in blank, and the right to enforce it, were transferred to Deutsche Bank, as Trustee, who duly appointed AHMSI as its servicing agent," and that Deutsche Bank was therefore entitled to enforce the note and deed of trust under business and commerce code sections 3.201, 3.203, 3.204, and 3.301, regardless of any written assignments.

In support of its motion, Deutsche Bank incorporated by reference Wilner's original petition, thereby incorporating Wilner's Exhibits C, J, and O. Deutsche Bank also incorporated by reference its original answer and attached as summary judgment evidence the affidavit of David J. Merrill, AHMSI's assistant secretary, as well as attaching the same March 17, 2006 note for $70,500 that Wilner had attached to his original petition and incorporated by reference, except this copy also contained the following language: "PAY TO THE ORDER OF _____ WITHOUT RECOURSE ARGENT MORTGAGE COMPANY LLC," signed by the president and chief financial officer of Argent Mortgage Company.

Deutsche Bank also attached a copy of the same home equity security instrument attached to Wilner's original petition.

In his affidavit, Merrill stated that Argent Mortgage Company, LLC indorsed the note in blank and transferred physical possession of the note and the right to enforce it to Argent Securities, Inc., who then transferred physical possession of the note and the right to enforce it to Deutsche Bank under the April 1, 2006 pooling and servicing agreement. He also traced the convoluted path of assignments and transfers of authority from the time that the mortgage and deed of trust were recorded in March 2006 to Deutsche Bank's ultimate possession of it by the time Wilner filed his quiet title action and attached supporting documents.

Wilner responded to Deutsche Bank's motion by filing a document entitled, "Affidavit in Opposition to Defendants Deutsche Bank National Trust Company as Trustee for Argent Securities Inc. Asset-Backed Pass-Through Certificates, Series 2006-W4 And American Home Mortgage Servicing Inc.'s Motion for Traditional Summary Judgment."

In his affidavit, Wilner claimed that he had never made any mortgage payments to Deutsche Bank and had never received any correspondence or other communications from Deutsche Bank. He stated that Deutsche Bank and AHMSI had no interest in his homestead, complained that discovery had not yet been completed, and contended that there were "numerous issues of material fact that need to be explored and developed and proved at trial." Wilner did not

challenge the validity of the note, the note's indorsement in blank, or the deed of trust attached to Deutsche Bank's motion.[4]

At the May 13, 2011 summary judgment hearing, Deutsche Bank produced what it claimed was the "original wet ink note . . . endorsed in blank," making it the note's holder. The trial court initially stated that having not heard or seen any contradictory evidence with regard to Deutsche Bank's actual possession of the

---

[4]To his affidavit, Wilner attached a copy of a January 25, 2010 order from the 96th District Court of Tarrant County denying Deutsche Bank's application for order of foreclosure under rule of civil procedure 736 and a copy of the transcript from the January 21, 2010 hearing in that court on Deutsche Bank's application for order of foreclosure, in which Wilner had represented himself pro se and during which Wilner admitted that he had not made a mortgage payment since December 2008 but said that if he "knew who to pay properly," he would be paying on the note and argued that he did not have an agreement with Deutsche Bank and that Deutsche Bank did not have the rights to the loan or the rights to collect. We note that the deed of trust includes the following pertinent language in section 19, which covers sale of note and change of loan servicer, among other things:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times *without prior notice to Borrower*. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing.

[Emphasis added.] Wilner has not complained that he was not given written notice of whom to pay.

9

note, the assignment issue appeared to be moot. Wilner was represented for the first time in the case by counsel, who argued that he had not seen the note and had not had a chance to inspect the original to examine its authenticity. However, Wilner's counsel did not respond when the trial court then asked, "Where in the response to the motion for summary judgment is there any objection or any question or issue raised with regard to the authenticity of the note that is made a part of the motion for summary judgment?" The trial court signed the order granting Deutsche Bank's traditional motion for summary judgment, and Wilner subsequently terminated his counsel's representation and resumed representing himself pro se, filing a motion for rehearing with regard to the summary judgment and arguing that he had new evidence.[5]

During the June 2, 2011 hearing, the trial court reiterated that the entire summary judgment "hinges on whether or not [Deutsche Bank is], in fact, in possession of the note," and pointed out that nothing in Wilner's response to Deutsche Bank raised an issue as to the note's authenticity, noting that what it had before it was "a sworn affidavit proving up possession of the original note that [Wilner] did not contest when [he] had a reasonable opportunity to do so." The trial court observed that the notes attached in Wilner's various exhibits and

_____

[5]With regard to the new evidence, Wilner complained that a second notice of assignment was filed April 6, 2010, and that this document was also invalid, although he did not amend his original petition to reflect this complaint and he did not explain how an April 6, 2010 notice of assignment was "new" evidence in light of the May 13, 2011 hearing.

10

the note produced by Deutsche Bank were the same, "with the sole exception of the [i]ndorsement on the note that they've submitted as summary judgment evidence, which is immaterial to the issue of whether it's the original or not."

After the trial court's June 2, 2011 hearing on Wilner's motion for rehearing, Deutsche Bank filed a motion for entry of final judgment combined with an alternative motion to sever the remaining defendants to make the summary judgment final.   After Wilner abandoned his claims against the remaining defendants at the August 19, 2011 hearing, the trial court ordered them dismissed.   In the order denying Wilner's motion for rehearing, the trial court expressly stated:

> The Court having considered said Motion, Defendants' response thereto, the argument of counsel and Plaintiff, and certain evidence as reflected by the Court's evidentiary rulings during said hearings, including the "wet ink" note produced at the Court's request by counsel for Defendants to demonstrate their actual possession, is of the opinion that said Motion should be, and is hereby DENIED; it is, therefore,
>
> ORDERED, ADJUDGED and DECREED that Plaintiff's Motion for Rehearing is hereby DENIED in its entirety; it is further
>
> ORDERED, ADJUDGED and DECREED that any and all objections, exceptions and/or motions urged by Plaintiff in support of his Motion for Rehearing are hereby OVERRULED and/or DENIED; it is further
>
> ORDERED, ADJUDGED and DECREED that the parties shall bear their own costs of court; it is finally
>
> ORDERED, ADJUDGED and DECREED that any relief not expressly granted herein, or therein by the Order Granting Defendants' Motion for Traditional Summary Judgment . . . is hereby DENIED, and that this Order Denying Plaintiff's Motion for Rehearing

11

and the Order Granting Defendants' Motion for Traditional Summary Judgment . . . are intended by the Court to be final and appealable.

The trial court also ruled on Wilner's objections to alleged errors in the transcripts of the hearings on July 2, 2011, July 22, 2011, and August 19, 2011, and attached those transcripts as exhibits to its order.

## C. Analysis

A cloud on title exists when a claimant shows an outstanding claim or encumbrance, which on its face, if valid, would affect or impair the title of the property's owner. *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To prevail in a suit to quiet title, the plaintiff must show that he has a right of ownership and that the adverse claimant has an invalid claim to the property. *Id.*

In the traditional portion of its summary judgment motion, Deutsche Bank argued that the summary judgment evidence showed as a matter of law that it was entitled to enforce the subject note and deed of trust because it had physical possession of the "original, wet ink Note, indorsed in blank," i.e., that its claim to the subject property was not invalid. Therefore, to defeat Deutsche Bank's motion, Wilner had the burden to respond to the motion in writing and to show that a genuine issue of material fact existed with regard to the note's validity or with regard to the indorsement in blank. *See* Tex. R. Civ. P. 166a(c) (stating that issues not expressly presented to the trial court by written motion, answer, or

12

other response "shall not be considered on appeal as grounds for reversal"). He did neither.

Further, even though Wilner argues in his opening brief that despite the note's appearance of a bearer instrument, the indorsement is an anomalous indorsement because the various other copies that he attached to various filings did not contain the indorsement, all of those copies have an accompanying page authenticating them as having been filed in the Tarrant County Real Property records on March 23, 2006 at 4:00 p.m. They do not give rise to a genuine issue of material fact with regard to Deutsche Bank's authority to enforce the note against Wilner; rather, they merely demonstrate that the indorsement in blank on the note itself by Argent Mortgage Company, LLC occurred at some point after March 23, 2006.

And although Wilner argues that there is a genuine issue of material fact about when Argent Mortgage Company, LLC made the indorsement in blank, based on the record before us, we can conclude that the indorsement in blank occurred sometime after the documents had been filed for record on March 23, 2006, and that Deutsche Bank acquired possession of the note indorsed in blank before it moved for summary judgment; Wilner has directed us to no authority that requires us to conclude otherwise.[6] Wilner's assertions that the assignments

---

[6]Wilner refers us to *FFP Marketing Co. v. Long Lane Master Trust IV*, 169 S.W.3d 402 (Tex. App.—Fort Worth 2005, no pet.), and *Jernigan v. Bank One, Tex., N.A.*, 803 S.W.2d 774 (Tex. App.—Houston [14th Dist.] 1991, no writ), to support his argument that Deutsche Bank had to account for how and when it

13

and copies of the note that Deutsche Bank included in its earlier rule 736 expedited foreclosure applications tend to establish a fraudulent date for the indorsement in blank, without more, constitute less than a scintilla of evidence. *See Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02-09-00330-CV, 2011 WL 1901975, at *4 (Tex. App.—Fort Worth May 19, 2011, no pet.) (mem. op.) (noting, when evidence showed that although transfer occurred in 2004 and actual assignment was not recorded until 2006, that "Appellant has not provided any authority showing how this later recording affected the validity of the assignment.").

Wilner made many accusations in his original petition and during the hearings, but nothing he has raised or produced shows a genuine issue of material fact with regard to the note's validity or the validity of the indorsement in blank, despite the opportunities that the trial court gave him to do so. *See* Tex. R. Civ. P. 166a(c); *see also* Tex. Bus. & Com. Code Ann. § 1.201(b)(21)(A) (West 2009) (defining a "holder" as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"), § 3.205(b) (explaining that when indorsed in blank, an

came into possession of the note, but both are distinguishable. In *Jernigan*, the copy of the note at issue showed a special indorsement to a party other than Bank One and nothing in the summary judgment evidence established that Bank One was in possession of the original note. 803 S.W.2d at 776–77; *see also* Tex. Bus. & Com. Code Ann. § 3.205(a)–(b) (West 2002) (explaining the difference between special and blank indorsements). And in *FFP Marketing*, the note at issue was non-negotiable; neither party here has argued that the note does not fall under the business and commerce code. *Cf.* 169 S.W.3d at 409.

14

instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed). Therefore, we overrule Wilner's first issue and need not reach his second regarding the assignment. *See* Tex. R. App. P. 47.1.

Having overruled Wilner's dispositive issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, WALKER, and MEIER, JJ.

DELIVERED: December 21, 2012