

NUMBER 13-17-00276-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROBERTO MORALES GARZA,                                          Appellant,

v.

BRYAN ROBINSON,                                                   Appellee.

**On appeal from the 445th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellant Roberto Morales Garza failed to file a timely response to appellee Bryan Robinson's motion for summary judgment. The trial court granted summary judgment in favor of Robinson. By one issue, Garza argues that the trial court erred by failing to grant his motion for new trial. We affirm.

## I. BACKGROUND

In September 2007, Garza executed and delivered a warranty deed to Robinson, conveying property on South Padre Island, in exchange for $170,000. In August 2009, Garza filed suit against Robinson, alleging that Robinson had fraudulently induced him into selling the property. In October 2010, summary judgment was granted in favor of Robinson. Garza appealed the trial court's ruling to this Court. We concluded that "Robinson established his entitlement to summary judgment based on his statute-of-frauds affirmative defense." *Garza v. Robinson*, No. 13-11-00015-CV, 2013 WL 3326465, at *1 (Tex. App.—Corpus Christi–Edinburg June 27, 2013, no pet.) (mem. op.) (concluding that the trial court did not err in granting summary judgment in favor of Robinson because Garza's evidence pertaining to whether the execution of the deed was induced by fraud was barred by the statute of frauds).

Nevertheless, Robinson asserted that Garza refused to vacate the premises. In 2014, Robinson filed a forcible entry and detainer action in a justice of the peace court, but the trial court denied Robinson's request for possession. In March 2016, Robinson filed the instant suit for injunctive relief, requesting that Garza be removed from the property. Garza filed an answer, alleging that Robinson never appealed the justice court's dismissal of the forcible entry and detainer action. On August 3, 2016, Robinson filed a combined motion for traditional and no-evidence summary judgment, arguing that he affirmatively established that he is the record title owner of the property in question and that Garza "has no evidence and can provide no evidence that he has any right, title, or interest in the Property." The trial court set a hearing for the motion on October 18, 2016. Garza filed a response to the summary judgment motion on October 14, 2016. Robinson

objected to Garza's untimely response and requested that it not be considered by the trial court.  *See* TEX. R. CIV. P. 166a(c).

After several continuances, the trial court issued an "Order Granting Continuance, Setting Hearing, and Admonishing Defendant" on January 6, 2017, in which the trial court ordered that Robinson's motion for summary judgment would "be heard by submission" on January 31, 2017.  On January 30, 2017, Garza filed a supplemental response.  On January 31, 2017, Garza appeared but Robinson did not, believing that the motion was being heard by submission.  At Garza's request, the trial court reset the hearing for February 21, 2017.  On February 14, 2017, Robinson filed a motion asking the trial court to reconsider its decision to accept Garza's untimely response, even though the trial court had not ruled on the objections to Garza's untimely response yet.

On February 21, 2017, Robinson appeared in person to argue his motion to reconsider accepting Garza's untimely response.  Garza appeared by telephone at the hearing.  The trial court advised the parties that the hearing was set by mistake and the motion for summary judgment would be heard by submission.  On February 24, 2017, the trial court issued an order granting Robinson's motion for summary judgment.  In the order, the trial court found that Robinson's motion for summary judgment was set for hearing by submission on January 31, 2017 and that on that day, the hearing was erroneously reset.  The trial court's order additionally granted Robinson's objection to Garza's untimely response, declared that Garza's response would not be considered, and reiterated that Robinson's motion for summary judgment was being heard by submission.

On March 22, 2017, Garza filed a motion for new trial, arguing that he should have an opportunity to present oral argument because he possessed meritorious defenses and

his failure to appear at the February 21, 2017 hearing was caused by mistake. On April 27, 2017, the trial court denied Garza's motion for new trial. This appeal ensued.

## II. CRADDOCK

In his sole issue, Garza cites *Craddock* to argue that the trial court erred in denying his motion for new trial.[1] *See Craddock v. Sunshine Bus Lines, Inc.,* 133 S.W.2d 124, 126 (Tex. 1939).

## A. Standard of Review and Applicable Law

We review a trial court's denial of a motion for new trial for an abuse of discretion. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). A trial court abuses its discretion if "it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case." *Samlowski v. Wooten*, 332 S.W.3d 404, 411 (Tex. 2011).

"Due process requires 'notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Whiteside v. Ford Motor Credit Co.*, 220 S.W.3d 191, 194 (Tex. App.—Dallas 2007, no pet.) (quoting *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 84 (1988)). When a party files a motion for summary judgment, the nonmovant's due process rights are satisfied as long as he receives a reasonable opportunity to present a response to the motion for summary judgment. *See id.* at 195; *see also Franklin One Partners II, LLC v. Rodriguez*, No. 13-16-00196-CV, 2016 WL 5941844, at *2 (Tex. App.—Corpus Christi–Edinburg Oct. 13, 2016, no pet.) (mem. op.).

---

[1] In granting Robinson's motion for summary judgment, the trial court concluded that Garza's response "was not timely filed and shall not be considered by this Court." Garza never challenged this finding below or on appeal. Garza's appellate brief mirrors his motion for new trial in arguing that his motion for new trial was timely filed; however, Garza has never asserted that his response to the motion for summary judgment was timely.

4

The equitable *Craddock* factors are employed when a party files a motion for new trial in an attempt to set aside default judgment. *See Milestone Operating, Inc. v. ExxonMobil Corp.,* 388 S.W.3d 307, 309 (Tex. 2012); *Craddock,* 133 S.W.2d at 126. However, the Texas Supreme Court has concluded that

> *Craddock* does not apply to a motion for new trial filed after summary judgment is granted on a motion to which the nonmovant failed to timely respond when the respondent had notice of the hearing and an opportunity to employ the means our civil procedure rules make available to alter the deadlines Rule 166a imposes.

*Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 683–84 (Tex. 2002). The court in *Carpenter* also held that trial courts should generally grant motions for leave and continuances related to summary judgment hearings upon showings of good cause and lack of harm to the nonmovant. *See id.*

**B. Discussion**

Garza argues that the trial court should have granted his motion for new trial because he satisfied the *Craddock* factors. However, *Craddock* is inapplicable to the current case. *Craddock* generally applies when a party files a motion for new trial to set aside a default judgment and the party failed to file a timely answer before the default judgment was entered. *See Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994) (noting that the *Craddock* factors apply when trying to set aside either a no-answer or post-answer default judgment); *Craddock,* 133 S.W.2d at 126. In contrast, Garza is not attempting to set aside a default judgment; rather, he filed a timely answer to Robinson's original petition but then failed to file a timely response to Robinson's motion for summary judgment.[2] Therefore, we apply the rules set out in

---

[2] Robinson filed his motion for summary judgment on August 3, 2016. A hearing for the motion

5

*Carpenter*. *See Carpenter*, 98 S.W.3d at 683–84; *Ready v. Alpha Bldg. Corp.*, 467 S.W.3d 580, 583 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (noting that when the *Craddock* factors do not apply, a party's recourse under *Carpenter* is to "seek appellate review of the trial court's rulings under the usual abuse-of-discretion standard").

Garza's motion for new trial is based entirely on the premise that his failure to appear in person at the February 21, 2017 hearing was a mistake and that he had valid defenses to present. However, Garza appeared at the hearing by phone. Moreover, "an oral hearing is not mandatory" for a motion for summary judgment. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). The trial court advised the parties that the motion for summary judgment would be heard by submission, and Garza does not allege that the trial court erred in deciding to hear the motion by submission. It is undisputed that Garza was properly notified of the summary judgment hearing, and the record reflects that Garza had a "reasonable opportunity" to present his response, meaning his due process rights were satisfied. *Whiteside*, 220 S.W.3d at 195. Furthermore, Garza does not allege that the trial court erred in declining to consider his late response; Garza never even filed a motion for leave to file a late response to the motion for summary judgment. *See Carpenter*, 98 S.W.3d at 683. Thus, even though Garza argued that his failure to appear in person at the February 21, 2017 hearing was a mistake, Garza failed to establish good cause for his failure to file a timely response to the motion for summary judgment. *See id.* Therefore, we conclude that the trial court did not abuse its discretion in denying Garza's motion for new trial. *See id.*; *West v. Maint.*

---

was set for October 18, 2016, meaning Garza needed to file a response by October 11, 2016. *See* TEX. R. CIV. P. 166a(c). However, Garza did not file a response until October 14, 2016. The trial court then reset the hearing for January 31, 2017, meaning any responses by Garza needed to be filed by January 24, 2017. However, Garza filed a supplemental response on January 30, 2017.

*Tool & Supply Co.*, 89 S.W.3d 96, 100 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (holding that the trial court did not abuse its discretion in denying a motion for new trial after entry of summary judgment when the non-movant failed to establish good cause for his failure to file a timely response after receiving notice of a summary judgment hearing).  We overrule Garza's sole issue.

## III. CONCLUSION

We affirm the judgment of the trial court.


NORA L. LONGORIA
Justice

Delivered and filed the
27th day of August, 2019.