**Affirmed and Opinion Filed August 15, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

### No. 05-21-00476-CV
_____

### BARBARA W. PALMER, Appellant
### V.
### HOMEOWNERS ASSOCIATION
### OF PRINCETON MEADOWS, INC., Appellee

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-00013-2021**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Smith
Opinion by Justice Osborne

The trial court granted summary judgment in favor of appellee Homeowners

Association of Princeton Meadows, Inc. ("the HOA") on appellant Barbara W.

Palmer's suit on an account. In three issues, Palmer argues the trial court's ruling

was error because (1) the HOA's affidavit controverting her claim was invalid,

(2) the HOA's summary judgment motion was premature and circumvented the

discovery process, and (3) limitations had not run on her claims. Concluding that the

HOA established its right to judgment as a matter of law, we affirm the trial court's

judgment.

## BACKGROUND

Palmer is an attorney. She filed this suit on a sworn account on January 4, 2021, alleging that "for a period beginning in 2009 and continuing through 2017," she provided "management and legal services" to the HOA. Attached to her petition as Exhibit A was a one-page "Account Receivable Record" showing, without any detail, a charge of $12,000.00 per year for the years 2012 through 2016, for a total of $60,000.00. She also listed "offsets" of her "HOA Annual Assessments" of $1625.00, for a net amount due of $58,375.00. Exhibit A did not provide any description of the services rendered or the time spent performing them, and did not reference any oral or written agreement between the parties.

Palmer attached her affidavit to her petition, averring that she had "reviewed the Defendant's records and they show that the Defendant owes the Plaintiff the sum of $58,375.00 for services rendered to Defendant," and that despite her repeated demands, the HOA failed and refused to pay. She also stated that "[a]ll just and lawful offsets and credits have been allowed."

The HOA filed a sworn denial of Palmer's alleged account as well as a general denial, affirmative defenses, and a counterclaim. The HOA's answer included a verification by Christopher Jones, President of the HOA. Jones denied "the account alleged by Plaintiff which is the foundation of the Plaintiff's petition," and stated "that such account is, as to each and every item, not just or true." The answer included Jones's "Unsworn Declaration Made Pursuant to Civ. Prac. [&] Rem. Code

Sec. 132.001." After stating his name, date of birth, and address, Jones "declare[d] under penalty of perjury that the foregoing is true and correct."

On April 5, 2021, the trial court signed a "Bench Trial Discovery Control Plan and Scheduling Order," ordering a "Level 2 Discovery Control Plan" and setting the case for trial before the court on September 20, 2021. The order stated that the first response to written discovery was filed on February 23, 2021 by the plaintiff. Palmer and counsel for the HOA also signed the order.

On April 21, 2021, the HOA filed a motion for summary judgment. The HOA explained that Palmer alleged two claims for breach of contract, "one for fees allegedly owed" for legal services, and one for breach of agreement to waive Palmer's homeowner's dues as a setoff for fees owed. The HOA sought a traditional summary judgment on the claim for legal fees on three grounds: (1) its affirmative defense of limitations, (2) "no triable facts to support formation of an enforceable contract," and (3) "judicial estoppel and res judicata." The HOA sought summary judgment on no-evidence grounds regarding the alleged agreement to offset Palmer's homeowner dues. The motion was set for hearing on May 25, 2021.

Palmer filed a response on May 5, 2021. Although she attached her affidavit and several other documents to her response, she did not attach any documents reflecting any particular services rendered on any specific dates. She stated only that "My management services were offered to the HOA, starting in 2012, at a rate of One thousand dollars per month. This amount is reasonable and customary in the

industry." She did not explain how the HOA had purportedly accepted her offer to provide "management services," describe or explain any payment terms, or identify any person who had acted for the HOA in retaining her to provide services to it.

After hearing argument from the parties, the trial court signed an order granting the HOA's traditional motion for summary judgment on Palmer's "claims for money owed based on breach of contract or alternatively for open accounts, accounts stated or sworn accounts." The trial court also granted the HOA's no-evidence motion for summary judgment on Palmer's "claims for an agreement with [the HOA] for a 'setoff' or waiver of her homeowner's dues."

At the HOA's request, the trial court severed the HOA's counterclaim into a separate action and signed a final order disposing of all claims and parties in this case. This appeal followed.

## STANDARD OF REVIEW

The HOA moved for summary judgment on both traditional and no-evidence grounds. We review the grant of traditional and no-evidence summary judgments de novo under well-known standards. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex. 2010); *Timpte Indus., Inc. v. Gish,* 286 S.W.3d 306, 310 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). For a traditional summary judgment motion, the movant has the burden to demonstrate that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon,* 690 S.W.2d at 548–49.

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. TEX. R. CIV. P. 166a(i); *Gish,* 286 S.W.3d at 310. To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Gish,* 286 S.W.3d at 310; *see also* TEX. R. CIV. P. 166a(i).

In reviewing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell,* 288 S.W.3d 417, 424 (Tex. 2009); *Gish,* 286 S.W.3d at 310. We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Rico v. L-3 Commc'ns Corp.*, 420 S.W.3d 431, 438 (Tex. App.—Dallas, 2014, no pet.); *Gish*, 286 S.W.3d at 310.

## DISCUSSION

### 1. Rule 185 Affidavit

In her first issue, Palmer contends that the "unsworn declaration" of Christopher Jones filed by the HOA to controvert her suit on a sworn account was invalid under civil procedure rule 185. *See* TEX. R. CIV. P. 185 (suit on account); TEX. R. CIV. P. 93(10) (denial of sworn account must be verified). Civil practice and remedies code section 132.001(a) provides that "an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or

affidavit required by statute or required by a rule, order, or requirement adopted as provided by law." TEX. CIV. PRAC. & REM. CODE § 132.001(a).

Palmer does not dispute that Jones's declaration meets the statutory requirements. *See* TEX. CIV. PRAC. & REM. CODE § 132.001(c). She argues only that a section 132.001 declaration is insufficient to support denial of a rule 185 sworn account. The cases she cites in support, however, do not discuss whether a declaration that meets section 132.001's requirements suffices to deny a sworn account.[1]

The HOA, in turn, cites *McMahan v. Izen*, No. 01-20-00233-CV, 2021 WL 3919219, at *7–8 (Tex. App.—Houston [1st Dist.] Sept. 2, 2021, no pet.) (mem. op.). In *McMahan*, the court considered whether an unsworn declaration meeting section 132.001's requirements was sufficient to support a sworn account under rule 185. *See id.* The court concluded that the declaration was sufficient, explaining that section 132.001(b)'s exceptions[2] did not include an affidavit required by rule 185.

---

[1] *See Whiteside v. Ford Motor Credit Corp.*, 220 S.W.3d 191, 192–94 (Tex. App.—Dallas 2007, no pet.) (appellant's answer "denying all and its entirety of the Original Petition" was not sworn and did not meet the requirements to qualify as an unsworn declaration by an inmate); *Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 562 (Tex. App.—Dallas 2003, pet. denied) (plaintiff complied with rule 185 but defendant "did not file a verified denial to place any of the facts in dispute"); *Day Cruises Maritime, L.L.C. v. Christus Spohn Health Sys.*, 267 S.W.3d 42, 54–55 (Tex. App.—Corpus Christi-Edinburg 2008, pet. denied) (affidavit made "upon information and belief" that failed to "positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge" was "legally invalid" and ineffective to deny sworn account).

[2] The exceptions, not applicable here, are (1) "a lien required to be filed with a county clerk," (2) "an instrument concerning real or personal property required to be filed with a county clerk," or (3) "an oath of office or an oath required to be taken before a specified official other than a notary public." TEX. CIV. PRAC. & REM. CODE § 132.001(b).

*Id.* at *7. The court explained that the inclusion of the phrase "under penalty of perjury" assures "'the verity of a declaration.'" *Id.* at *8 (quoting *Tex. Dept. of Pub. Safety v. Caruana*, 363 S.W.3d 558, 564 (Tex. 2012)).

Here, Jones made two Chapter 132 declarations, one in support of the HOA's answer denying Palmer's sworn account petition and the other in support of the HOA's summary judgment motion. Both were made under penalty of perjury and met the requirements of section 132.001(c) and (d). *See* TEX. CIV. PRAC. & REM. CODE § 132.001(c), (d). Like the court in *McMahan*, we conclude Jones's declarations that met section 132.001's requirements were also sufficient under rule 185. *See McMahan*, 2021 WL 3919219, at *7–8; *see also Caruana*, 363 S.W.3d at 564. We decide Palmer's first issue against her.

**2. Adequate time for discovery**

In her second issue, Palmer contends that the trial court's judgment was error because the HOA's summary judgment motion was premature and "circumvent[ed] the discovery process." Regarding the HOA's traditional motion for summary judgment, Palmer argues that she "sought discovery of information related to attorney's fees, rendered in connection with collections for [the] HOA, and possibly collected by a non-managing agent, unauthorized homeowner of the HOA" that "could be recovered under quantum meruit." Regarding the HOA's no-evidence motion, Palmer argues that "if Debtor HOA is contesting the amount of the debt, or

the amount of the given offsets, it would need to work through the discovery process."

Civil procedure rule 166a(g) permits a trial court to deny a summary judgment motion or to grant a continuance to the party opposing the motion if that party files an affidavit setting forth the reasons the party cannot present the facts necessary to respond to the motion. TEX. R. CIV. P. 166a(g); *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 662 (Tex. 2009). When a nonmovant "contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Killingsworth v. Hsg. Auth. of City of Dallas*, 447 S.W.3d 480, 495 (Tex. App.—Dallas 2014, pet. denied) (no-evidence motion); TEX. R. CIV. P. 166a(g), 251, 252. Whether to grant a party additional time to conduct discovery before summary judgment is a matter for the trial court's discretion. *See Tenneco, Inc.*, 925 S.W.2d at 647 (traditional motion); *Killingsworth*, 447 S.W.3d at 495 (no-evidence motion).

Palmer did not file an affidavit or a motion for continuance to explain her need for further discovery. The discovery she now argues she needs regarding the HOA's traditional motion relates to a claim in quantum meruit that she has not pleaded. Although Palmer included argument about her possible quantum meruit claim in her summary judgment response, she did not mention the proposed claim at the

summary judgment hearing when the court discussed the status of discovery with the parties at some length.

Regarding the HOA's no-evidence motion, Palmer does not identify information she needs but has not been able to obtain in discovery. The HOA's no-evidence motion was directed only to Palmer's claim that the HOA agreed to offset her homeowner's dues against amounts she alleged were due for her services. The motion was premised on the lack of evidence of any agreement, not a challenge to any particular amount Palmer claims. Palmer did not address the subject of the claimed offset in her summary judgment affidavit other than referencing Exhibit A to her petition. Further, Palmer's argument on appeal focuses not on information she needs to support her offset claim, but on further discovery the HOA might need to "contest[ ] the amount of the debt, or the amount of the given offsets."

The question whether a nonmovant has had adequate time for discovery under rule 166a(i) "is a case-specific determination that we make by considering various factors, such as the nature of the cause of action, the nature of the evidence necessary to controvert the no-evidence motion, the amount of discovery that has already taken place, and the length of time the case has been active in the trial court." *See Killingsworth*, 447 S.W.3d at 495. But we have declined to analyze these factors when, as here, the party contending she lacked adequate time for discovery has not filed an affidavit explaining the need for further discovery or a verified motion for continuance. *See id.*

Waiver aside, the record reflects an adequate time for discovery had passed before the trial court heard the HOA's motion. The parties had exchanged discovery and the motion had been on file for over thirty days before it was heard in late May 2021. Trial was set for September 2021. At the hearing, the HOA's counsel described the HOA's unsuccessful efforts to locate responsive documents from the relevant time period and his efforts to work with Palmer to obtain further specific information about the documents she sought. Palmer neither provided the information nor filed a motion to compel. In his declaration supporting the HOA's motion, Jones stated that he had reviewed the HOA's records and found "no record whatsoever that the [HOA] agreed to pay Ms. Palmer legal fees or management fees during the period of 2012 to 2016" or that the HOA "agreed to waive Ms. Palmer's dues."

The trial court questioned the parties at length about the discovery that had already occurred and any additional discovery needed. Palmer did not explain what evidence she sought in discovery but had not yet received that would support her offset claim. She did not identify any person or persons to be deposed who might have been a party to the alleged agreement, and she did not address the subject in her summary judgment affidavit. On this record, we conclude the trial court did not abuse its discretion in ruling on the HOA's no-evidence motion without further discovery. *See Killingsworth*, 447 S.W.3d at 495.

We decide Palmer's second issue against her.

–10–

## 3. Limitations

In her third issue, Palmer contends that because limitations did not begin to run until November 17, 2020, the trial court erred by granting summary judgment on the ground that the limitations period on her claims had expired. In her petition, Palmer pleaded that on November 17, 2020, the HOA "initiated a lawsuit against Plaintiff under Texas Rule of Civil Procedure 736, seeking to foreclose Plaintiff's residence." In her summary judgment response, Palmer argued that on that date, she "discovered a need for a judicial remedy to force Defendant HOA to pay for her past management services." She contends that "[v]endors providing services to Texas homeowners associations are entitled to initiate a proceeding to collect a debt owed" under civil procedure rule 185, and the creditor "has four years to initiate that lawsuit" under section 16.004 of the civil practice and remedies code.[3] *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3) (actions for debt)[4]; TEX. R. CIV. P. 185 (suit on account).

---

[3] On appeal, Palmer also contends her claim in quantum meruit is not barred. As we have discussed, Palmer's operative petition does not assert a claim in quantum meruit, and in any event, a four-year limitations period would also apply. *Ramsland v. WFW Family, LP*, No. 05-17-00326-CV, 2018 WL 1790080, at *10 (Tex. App.—Dallas Apr. 16, 2018, pet. denied) (mem. op.).

[4] We note that civil practice and remedies code section 16.004(c) includes a special accrual provision for "an action on an open or stated account." TEX. CIV. PRAC. & REM. CODE § 16.004(c). The limitations period, four years, is the same as suits for debt under subsection (a)(3). But under subsection (c), the cause of action accrues "on the day that the dealings in which the parties were interested together cease." *Id.* Palmer, however, does not argue that this subsection applies, and she does not allege any amounts due or further dealings on the account after December 2016. Consequently, limitations would bar her suit under subsection (c) as well as under subsection (a)(3).

A breach of contract claim, however, accrues at the time of breach. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (per curiam). Palmer alleges that payments of $1,000 were due each month beginning in January 2012 and ending in December 2016 but were not paid. She did not file suit until January 2021, more than four years after the cause of action accrued.

Although Palmer contends she "discovered" her claim in late 2020, she does not allege that the HOA misled her or that she did not know about the HOA's failure to make the payments on the dates she alleges they were due. The discovery rule may toll limitations for a breach of contract claim in "rare" cases, but the breach must be "inherently undiscoverable and objectively verifiable." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314–15 (Tex. 2006) (per curiam). There is no evidence to support the discovery rule's application in this case.

We decide Palmer's third issue against her.

## CONCLUSION

The trial court's judgment is affirmed.

/Leslie Osborne//

210476f.p05

LESLIE OSBORNE
JUSTICE

–12–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

BARBARA W. PALMER, Appellant

No. 05-21-00476-CV     V.

HOMEOWNERS ASSOCIATION
OF PRINCETON MEADOWS,
INC., Appellee

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-00013-
2021.
Opinion delivered by Justice
Osborne. Justices Schenck and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Homeowners Association Of Princeton Meadows, Inc. recover its costs of this appeal from appellant Barbara W. Palmer.

Judgment entered this 15th day of August, 2022.