Ernest SMITH, Jr. and Kelvin Smith, Appellants,

v.

**FIESTA CAB COMPANY, Appellee.**

**No. 01–94–01197–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 25, 1996.

Donald M. Brown, Conroe, for appellants.

Thomas A. Dickens, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and TAFT and COHEN, JJ.

---

## ORDER

TAFT, Justice.

This appeal raises difficult procedural and constitutional issues arising from the trial court's granting of the second motion for summary judgment of appellee, Fiesta Cab Company (Fiesta). Appellants, Ernest and Kelvin Smith, claim a denial of due process of law based on the apparent loss of their response to Fiesta's motion.

We abate the appeal.

### Background

The Smiths sued Fiesta for personal injuries suffered when a taxicab owned by the company struck an automobile occupied by Kelvin and Ernest Smith.

Fiesta filed its first motion for summary judgment on May 26, 1994. The Smiths filed a timely response, and the court, based on objections raised in the response to the adequacy of the affidavit and admissibility of the evidence presented as summary judgment proof, denied this motion for summary judgment "as presented" on July 7, 1994.

Fiesta filed its second motion for summary judgment on July 13, 1994. The Smiths apparently filed a timely response on August 1, 1994. However, through no fault of the Smiths, this response was apparently inadvertently lost and never submitted to the trial court for its consideration. The order granting the second motion for summary judgment says in stock language, "[T]he Court having considered the pleadings [sic] having heard the evidence and argument of counsel is of the opinion that the Motion is meritorious and should be granted." The motion was granted as a matter of law in regard to each cause of action. The case was heard entirely through written submissions. No hearing was held on the second motion for summary judgment. The Smiths filed a motion for a new trial on September 7, 1994, and this motion was overruled by operation of law on October 24, 1994.

Apparently, it was only after requesting a transcript from the trial court in preparation for this appeal that the Smiths realized their response to the second motion for summary judgment was never before the court. They had designated their response to the second motion as one of the items to be included in the transcript, but it was omitted. The Smiths state that this was not an inadvertent omission, but that the document itself was missing and had apparently never been delivered to the judge. The original transcript does not contain a copy of the response; the docket control sheet is rubber-stamped with the following notation (the underlined portions represent words that were filled in by hand):

8/8/94

On this date, (defendant) motion [sic] submit [sic] to Court. Attorney for movant certified that attorney for (plaintiff) has been forwarded a copy of this motion. Further, this motion has been on file at least ten days prior to submission to Court [sic] and no response has been filed thereto.

(Defendant) motion for (summary judgment) granted.

With leave from this Court, the Smiths submitted the missing summary judgment response in the form of a supplemental transcript. Nevertheless, it is not an official supplemental transcript from the clerk below and, thus, is not properly before us.

### Threshold Issues

In a single point of error, the Smiths argue they were denied due process of law under the fifth and fourteenth Amendments to the United States Constitution and due course of law under article 1, section 19, of the Texas Constitution because the trial court did not have their response to Fiesta's second motion for summary judgment before it when the motion was granted.

Fiesta urges us to simply consider the Smiths' response and apply the harmless error rule to determine that even if it had been before the trial court, it would not have caused a different result. This course presents procedural and constitutional difficulties. The procedural difficulty lies in the manner in which the Smiths have brought the response to Fiesta's second motion for summary judgment before this Court. The constitutional problem stems from *Peralta v.*

**546**

*Heights Medical Ctr., Inc.*, 485 U.S. 80, 86, 108 S.Ct. 896, 900, 99 L.Ed.2d 75 (1988) (holding that lack of notice was not cured by the harmless error rule in a default judgment setting).[1]

The purported supplemental transcript appears to have been prepared by counsel for appellants. Due to the unusual circumstances surrounding the alleged filing of the response to the second motion for rehearing and its apparent absence from the clerk's file, it is appropriate for the trial court to hold a hearing concerning the matter and make findings regarding whether the document was properly filed and include the same, with an official copy of the document, in a supplemental transcript officially prepared by the District Clerk. *See* Tex. R.App.P. 55(c) (Vernon Pamph.1995) (providing for curing defects appearing after submission).

We further determine there may be error in this case, albeit inadvertent, that prevents the proper presentation of this appeal. *See* Tex.R.App.P. 81(a) (Vernon Pamph.1995) (providing that no reversal occur if error is remedial). We cannot determine definitely whether the trial court considered the Smiths' response to Fiesta's second motion for summary judgment before granting the motion. Therefore, it is appropriate for the trial court, during the previously ordered hearing, to make further findings. Should the trial court find it considered the Smiths' response, that finding should be made and forwarded in the supplemental transcript already ordered. Should the trial court find the response was timely filed and inadvertently not considered when ruling upon Fiesta's second motion for summary judgment, we direct the trial court to reconsider its decision.

If the trial court's decision remains the same, then that finding should be forwarded in the supplemental transcript. However, should the trial court's decision be to deny Fiesta's second motion for summary judgment on the basis of the Smiths' response,

then that finding should be forwarded to this Court immediately, thereby rendering this appeal moot.

We abate this appeal for the trial court to carry out the above orders, including an order that the resulting supplemental transcript be forwarded to this Court no later than 90 days from the date of this order.

It is so ORDERED.

---

1. We recognize this case is a summary judgment, not a default judgment and the constitutional deprivation here is the right to be heard, rather than notice. Nevertheless, because the purpose of the right to notice is to allow a party to be heard and because appellate courts strictly scrutinize both default and summary judgments, we are loath to step into the shoes of the trial court to make the ruling we think would have been made.