In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00436-CV
____________

LARRY MILLER, D/B/A MOBILE MECHANIC, Appellant

V.

SONIA TORRES, Appellee




On Appeal from the County Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 762975



MEMORANDUM OPINION
          This is an appeal from a no-answer default judgment in favor of
plaintiff/appellee, Sonia Torres. The trial court ordered that defendant/appellant,
Larry Miller, d/b/a Mobile Mechanic, return plaintiff’s vehicle and pay $1,000 in
damages. We affirm. 
          The right to a new trial after a no-answer default judgment is governed by the
three-part test set out in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d
124 (1939). To be entitled to a new trial under Craddock, the movant must show that:
(1) his failure to answer was not intentional or the result of conscious
indifference on his part, but was due to accident or mistake;
 
(2) the motion for new trial alleges a meritorious defense; and
 
(3) the motion is filed at a time when the granting of a new trial will not
occasion delay or work other injury to the plaintiff.
Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81, 82-83 (Tex. 1992); Craddock, 133
S.W.2d at 126. 
          In its one-page, pro se appellate brief, Mobile Mechanic contends that there
was a “paper work mixup, or loss of a single page of paper from the court file. . .
Torres has some thing [sic] to do with the disappearance of that sheet of paper from
the file, Torres is working in the legal filed field, [sic] this is one of the oldest trick
on the book [sic].” 
          This allegation does not satisfy the Craddock test. Mobile Mechanic did not
allege improper service of process under Peralta v. Heights Med. Ctr., 485 U.S. 80,
108 S. Ct. 896, 899 (1988). Mobile Mechanic did not file an affidavit, and its
appellate brief contains neither legal authority nor references to the record. A point
of error not supported by authority is waived. See Tex. R. App. P. 38.1. Pro se
litigants are held to the same standards as licensed attorneys and must comply with
all applicable rules of procedure. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759
(Tex. App.—Amarillo 1998, pet. denied). 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                                  Adele Hedges
                                                                                  Justice

Panel consists of Justices Hedges, Jennings, and Alcala.