Opinion issued January
27, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01037-CV

———————————

The Prudential Insurance Company of America, Appellant

V.

RSL Funding, LLC, Appellee



 



 

On Appeal from the 11th District Court

Harris County, Texas



Trial Court Case No. 2009-41386

 



 

 

MEMORANDUM OPINION

          This is a restricted
appeal filed by The Prudential Insurance Company of America (“Prudential”).[1]  Prudential was named in an award resulting
from an arbitration between Gregory S. Everett and appellee RSL Funding,
LLC.  Even though the arbitration award
does not name Prudential as a “party,” the award specifically identified
Prudential and required it to take certain actions to carry out the award.  Because Prudential was not served as a party
in the action to confirm the award, Prudential contends the district court had
no personal jurisdiction over it, and its judgment, for these and other
reasons, is infirm.  We agree.

          The underlying arbitration arises out of an assignment
agreement between Everett and RSL Funding in which RSL agreed to pay $216,000
to Everett for his interest in payments (108 monthly payments of $3,675.39) due
to him from an annuity owned by Pruco Assignment Corporation and issued by
Prudential.  After a dispute arose
between Everett and RSL Funding, RSL invoked the arbitration provision of the
assignment agreement.

          The arbitrator made an award in favor of RSL Funding, which
also specifically named both Prudential and Pruco Assignment Corporation.  The arbitration award stated in part:

that RSL Funding shall send
within fifteen (15) business days of the date of the entry of this Award in
Texas a copy thereof to the Annuity Issuer [Prudential].  Upon receipt thereof, Annuity Owner [Pruco] shall
direct and Annuity Issuer shall issue a formal acknowledgment letter,
acknowledging its obligation to comply with this award . . . , acknowledging
that the Garnished Payments shall be unconditionally and timely made to RSL
Special‑IV, Ltd. . . ., that RSL Funding LLC has been made the
beneficiary of the Garnished Payments, and that RSL Special‑IV, Ltd. shall
be the only person or entity with the authority to change the name and/or
address of the beneficiary of the Garnished Payments.

 

The award further permanently enjoined “all persons in
concert with Everett and all persons with actual notice of this award . . .
from paying Everett the Garnished Payment which are hereby ordered to be paid
to Assignee [RSL Funding].”

          RSL Funding filed a petition in the district court to
confirm the “unopposed” motion to confirm the award, but did not serve
Prudential or Pruco as parties.  On
August 18, 2009, the district court signed a judgment confirming the
arbitration award.  See 9 U.S.C. § 9 (2006)
(authorizing confirmation of arbitration award).  Prudential was later served with a
garnishment action that RSL Funding filed in October 2009.  Prudential responded by filing a restricted
appeal challenging the August 18, 2009 judgment confirming the arbitration
award, in part on the basis of a lack of personal jurisdiction over
Prudential.  See Peralta v. Heights Med.
Ctr., Inc., 485 U.S. 80, 108 S. Ct. 896 (1988).

          To prevail
on its restricted appeal, Prudential must establish that: (1) it filed notice
of the restricted appeal within six months after the judgment was signed; (2)
it was a party to the underlying lawsuit; (3) it did not participate in the
hearing that resulted in the judgment complained of and did not timely file any
postjudgment motions or requests for findings of fact and conclusions of law;
and (4) error is apparent on the face of the record.  See
Alexander v. Lynda’s Boutique, 134
S.W.3d 845, 848 (Tex. 2004).  Only the second
element is at issue here, as RSL admits that Prudential was not served until
the subsequent garnishment action.          RSL
Funding acknowledges on appeal that the arbitration award provides for what it
characterizes as “garnishment language” directed at Prudential.  It attempts to characterize this portion of
the arbitration award as merely surplussage in light of the general
availability of garnishment as a postjudgment remedy, and specifically states
in its brief that “RSL is not seeking to hold Prudential or PRUCO
to the arbitration award.”  The plain
language of the arbitration award, however, names Prudential and requires it to
take specific acts and enjoins it from taking other acts.  Accordingly, we hold that Prudential is a
party to the arbitration award and, by extension, a party to the district
court’s judgment that confirmed the award.

          Because Prudential is a party to the judgment and was not
served, the judgment is constitutionally infirm due to lack of notice and
service.  See Peralta, 485 U.S. at
84–85, 108 S. Ct. at 899.  We therefore sustain
Prudential’s issue three regarding lack of personal jurisdiction.  We do not reach Prudential’s remaining
issues, which discuss the merits of the district court’s confirmation order and
judgment.  See Peralta, 485 U.S. at
86–87, 108 S. Ct. at 900 (holding that person deprived of due process need not defend
merits of underlying action on appeal).

          Accordingly, we reverse the district court’s judgment, and
we remand the case to the district court for further proceedings. 

 

 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice

 

Panel consists of Chief Justice Radack and Justices Alcala
and Bland.











[1]           See Tex. Civ. Prac. & Rem. Code Ann. § 51.012,
.013 (West 2008 & Supp. 2010) (authorizing “writ of error,” now called
“restricted appeal”) Tex. R. App. P.
30 (restricted appeal).