# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CASTILIAN HILLS HOMEOWNERS ASSOCIATION, | ) ) | No. 77389-5-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| KEVIN R. CHAFFINS and CHANDRA CHAFFINS, husband and wife, | ) ) ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 22, 2018 |
| | ) | |

MANN, A.C.J. — This is an action to collect delinquent homeowner association assessments. Kevin and Chandra Chaffins appeal the trial court's decision granting summary judgment in favor of the Castilian Homeowners Association (HOA) and validating a lien for an unpaid annual HOA assessment, interest, late fees, and costs. The Chaffins argue that the HOA lacked authority to file a lien against their property without first providing an opportunity to be heard. We affirm.

I.

The Chaffins own a residence in Oak Harbor that is subject to the HOA governing documents. The governing documents include covenants, conditions and

restrictions (CC&Rs) recorded on October 12, 1973. Article IV of the CC&Rs creates a lien for assessments and provides:

> Section 1. Creation of the Lien and Personal Obligation of Assessments. The owner of each lot and residential unit within said properties shall and by acceptance of a deed therefor or signing a real estate contract therefor, whether or not it shall be so expressed in such deed or real estate contract, shall be deemed to covenant and agree to pay the Association:
>
> 1. Annual assessments or charges, and
> 2. Special assessments of capital improvements . . .
>
> The annual and special assessments, together with interest, costs and reasonably attorney's fees shall be a charge on the land and shall be a continuing lien upon the property against which each such assessment is made. Each such assessment, together with interest, costs and reasonable attorney's fees shall also be the personal obligation of the person who was the owner of such property at the time when the assessment fell due.

The CC&Rs establish that the purpose of the assessments is "exclusively to promote the recreation, health, safety, and welfare of the residents in the properties and for the improvement and maintenance of the Common Areas." The CC&Rs also address the HOA's remedies for nonpayment:

> Any assessment not paid within thirty (30) days after the due date shall bear interest from the due date at the rate of twelve percent (12%) per annum. The Association may bring an action at law against the owner personally obligated to pay the same, or foreclose the lien against the property.

The Chaffins purchased their home in 2004. On December 1, 2015, the HOA mailed a notice of the 2016 annual assessment to the Chaffins. The annual assessment for 2016 was $147 and was due January 1, 2016. The Chaffins failed to pay the assessment.

The HOA mailed a second notice of the 2016 annual assessment to the Chaffins on February 1, 2016. The second notice included a late fee of $20 and advised the

Chaffins that interest was accruing and that a lien would be filed if the assessment was not paid. A third notice was mailed to the Chaffins on March 24, 2016. The notice again advised the Chaffins that interest was accruing and that a lien would be filed.

On April 28, 2016, the HOA recorded a claim of lien against the Chaffins' property. The HOA notified the Chaffins that the amount due, including the assessment, late fee, interest, and cost for recording the lien was $525.52. The notice informed the Chaffins that if the matter was turned over to the HOA attorney, additional fees would be incurred and the lien could be foreclosed.

The HOA filed a complaint against the Chaffins on August 22, 2016, seeking a money judgment in the amount of $525.52 together with interest and attorney fees. The complaint also requested, in the event of non-payment, an order validating the lien and authorizing foreclosure.

The Chaffins paid $200.00 on October 19, 2016, leaving a balance of $325.52 exclusive of interest and attorney fees.

On August 14, 2017, the trial court granted the HOA's motion for summary judgment and denied the Chaffins' cross motion for summary judgment.

The court entered a judgment in favor of the HOA for $325.52, plus $9,540.00 for attorney fees, and $429.00 for costs. The Chaffins appeal.

## II.

This court reviews summary judgment orders de novo. Seybold v. Neu, 105 Wn. App. 666, 675, 19 P.3d 1068 (2001). Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). "Where . . . the facts are undisputed and the only issues are

-3-

questions of law, the standard of review is de novo." Roats v. Blakely Island Maintenance, Com'n. Inc., 169 Wn. App. 263, 273, 279 P.3d 943 (2012).

## A.

The Chaffins argue first that the HOA is required by statute to provide notice and an opportunity to be heard pursuant to RCW 64.38.020(11) prior to filing a foreclosable lien against a homeowner's property for collection of past due assessments. We disagree.

The goal of statutory interpretation is to ascertain and carry out the legislature's intent. Jametsky v. Olsen, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014) (citing Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)). Statutory interpretation begins with the plain meaning of the statute. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). Plain meaning is "discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." Lake, 169 Wn.2d at 526.

Chapter 64.38 RCW governs the formation and legal administration of homeowner's associations. RCW 64.38.005. An HOA's powers are set out by RCW 64.38.020, which provides, in relevant part:

> Unless otherwise provided in the governing documents, an association may:
> ***
> (10) Impose and collect any payments, fees, or charges, for the use, rental, or operation of the common areas;
>
> (11) Impose and collect charges for late payments of assessments and, after notice and an opportunity to be heard by the board of directors or by the representative designated by the board of directors and in accordance with the procedures as provided in the bylaws or rules and regulations

adopted by the board of directors, levy reasonable fines in accordance with a previously established schedule adopted by the board of directors and furnished to the owners for violation of the bylaws, rules, and regulations of the association.

RCW 64.38.020(10) and (11).

The plain language of RCW 64.38.020 does not support the Chaffins' argument. At the outset, the opening sentence—"[u]nless otherwise provided in the governing documents"—grants the HOA discretion to establish its procedures within its governing documents. Second, RCW 64.38.020(10) authorizes the HOA to impose and collect payments, fees, and charges for the operation of the common areas and does not require notice or an opportunity to be heard. Finally, RCW 64.38.020(11) allows the HOA to impose and collect charges for late payment of assessments, without notice or an opportunity to be heard.

While the second clause of RCW 64.38.020(11) does require notice and an opportunity to be heard before levying fines for violating HOA bylaws, the requirement applies only to fines, and not to the collection of fees and assessments authorized by the governing documents or RCW 64.38.020(10). There is a clear delineation between the language about late payments of assessments and the language requiring an opportunity to be heard when levying reasonable fines. The opportunity to be heard language modifies and applies to the reasonable fines, not the late payments of assessments. Thus, there is no requirement in the statutory language for an opportunity to be heard when an HOA charges a fee for late payment of assessments.

Because the CC&Rs that control the Chaffins' property allow for the recording of a lien for past due assessments, interest, costs, and fees without notice and an opportunity to be heard, summary judgment in favor of the HOA was appropriate.

B.

The Chaffins argue in the alternative that interpreting RCW 64.38.020(11) in a manner that does not require notice and an opportunity to be heard before recording a lien deprives them of their right to due process. Again, we disagree.

Procedural due process imposes restraints on the government when it deprives individuals of liberty or property interests within the meaning of the due process clause of the Fourteenth Amendment of the U.S. Constitution, and Article I, Section 3 of the Washington State Constitution. Mathews v. Eldridge, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); In re Pers. Restraint of Bush, 164 Wn.2d 697, 705, 193 P.3d 103 (2008). Where a significant property interest is at stake, "procedural due process prevents the government from taking a person's property without providing notice and an opportunity to be heard." Cranwell v. Mesec, 77 Wn. App. 90, 108, 890 P.2d 491 (1995). State procedures for creating and enforcing attachments, including liens, "'are subject to the strictures of due process.'" Connecticut v. Doehr, 501 U.S. 1, 12, 111 S. Ct. 2105, 115 L. Ed. 2d 1 (1991) (quoting Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 85, 108 S. Ct. 896, 99 L. Ed. 2d 75 (1988)).

The Chaffins base their argument primarily on Doehr. In Doehr, the petitioner, in conjunction with a civil action for assault and battery against the respondent, submitted an application for prejudgment attachment against the respondent's home as allowed under Connecticut law. The respondent challenged the Connecticut prejudgment statute that did not require advance notice and an opportunity to be heard. The Supreme Court held that a prejudgment attachment, without prior notice or an opportunity for a hearing, presented a great risk of erroneous deprivation of property,

without providing simple, yet adequate safeguards for reducing such risk. <u>Doehr</u>, 501 U.S. at 13-14.

But here, unlike <u>Doehr</u>, HOA's authority to record a lien against a homeowner's property for unpaid assessments does not flow from statute. While RCW 64.38.020 provides authority for the HOA to create CC&Rs, once the CC&Rs are recorded, the homeowner is bound to their terms. The CC&Rs, in effect, constitute a contract between the HOA and the homeowner. <u>See, e.g.</u>, <u>Roats</u>, 169 Wn. App. at 273-274 (governing documents are reviewed as contracts). Thus, a lien flowing from the CC&Rs is a contractual agreement between the homeowner and the HOA and binding once the homeowner purchased the property subject to the recorded CC&Rs. Because the authority to record the lien is based in contract, rather than statute, there is no government action and the strictures of procedural due process do not apply.

### III.

Both parties request attorney fees on appeal. Article IV, Section 1 of the CC&Rs allows for the HOA to recover its reasonable attorney fees and costs for collection of unpaid assessments. The trial court awarded the HOA its attorney fees. As the prevailing party, the HOA is entitled to reasonable attorney fees and costs on appeal.

We affirm.

_____
Mann, A.C.J.

WE CONCUR:

_____
Andrus, J.

_____
Becker, J.

2018 OCT 22 AM 8:45
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED