**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2268-17T1

WESTCHESTER MEDICAL
CENTER,

      Plaintiff-Respondent,

v.

KARLA RAMOS,

      Defendant-Appellant.

_____

Submitted December 11, 2018 – Decided December 28, 2018

Before Judges Geiger and Firko.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7980-15.

Michael S. Kimm, attorney for appellant.

Michael J. Filippis, attorney for respondent.

PER CURIAM

     Defendant Karla Ramos appeals from a November 3, 2017 Law Division order denying her motion to vacate the default judgment entered against her and

dismiss the complaint in this action to collect an unpaid medical bill owed to plaintiff Westchester Medical Center, a hospital located in Valhalla, New York. We reverse.

Defendant underwent breast augmentation. When complications arose, she underwent two removal procedures. The second procedure was performed at Westchester Medical Center. Plaintiff billed $20,667.78 for the medical services it rendered to defendant on December 28 to 29, 2012. On January 17, 2013, a New York outpatient surcharge of $1990.31 was assessed.

At the time the medical services were rendered, defendant resided with her mother in Englewood. In December 2013, defendant received an invoice from plaintiff. The invoice listed the Englewood address. Defendant asserts that upon receiving the invoice she advised plaintiff's billing office she resided in North Carolina. A subsequent March 6, 2015 dunning letter was sent by plaintiff's attorney to defendant at the Englewood address. It was not returned as undeliverable by the postal service.

On September 8, 2015, plaintiff filed suit against defendant in Bergen County, claiming defendant owed $22,658.11 plus prejudgment interest and costs. The summons and complaint were served on defendant's mother at the Englewood address on October 14, 2015, by a sheriff's officer. Defendant did

A-2268-17T1

not file a responsive pleading. Plaintiff submitted a request to enter default to the court but did not serve a copy of the default request to defendant. Default was entered against defendant in November 2015.

Plaintiff then applied for entry of default judgment on November 28, 2015. A copy of the judgment application was sent to defendant at the Englewood address. Defendant did not respond to the application. Accordingly, default judgment was entered against defendant on December 2, 2015 for $24,434.70, inclusive of costs. An information subpoena was sent to defendant by plaintiff's attorney on January 25, 2017 to a Raleigh, North Carolina address. A bank levy on defendant's Capital One Bank account resulted in plaintiff filing a motion returnable on June 23, 2017, for a turnover order. Defendant was sent a copy of the motion papers at the Raleigh, North Carolina address. Defendant consulted with an attorney regarding the motion. Counsel's request for a postponement of the motion was denied and the motion was granted, resulting in $4441.27 being withdrawn from defendant's checking account. In a written statement of reasons, the motion judge stated:

> Opposition to this motion was received by defendant, Karla Ramos, through counsel, Michael S. Kimm, of the Kimm Law Firm, by letter dated June 21, 2017. The focus of this letter was to advise this court that the service of the summons and complaint on Ms. Ramos was improper and that it violated the defendant's

3

basic due process. Mr. Kimm's letter indicated that, "The Sheriff levied approximately $4,400 from the Capital One Bank and the levy was the first notice through which she became directly aware of the lawsuit."

Based upon the information provided to this court by correspondence of Michael J. Filippis, counsel for the plaintiff, dated June 22, 2017, this court learned that the levy was not the first notice through which the defendant became aware of this lawsuit. Specifically, Mr. Filippis received a telephone call on November 2, 2015 which was shortly after he had been advised by the Sheriff's office that the summons and complaint had been served on the defendant from Martin S. Cedzidlo, Esq. indicating that the defendant herself had recently met with him in his office with a copy of the complaint, that the defendant was experiencing difficult financial circumstances, and there would be a settlement or payment proposal. After not receiving any proposal from Mr. Cedzidlo, Mr. Filippis faxed a letter to him on November 18, 2015 requesting a response pertaining to settlement.

On March 29, 2017 and continuing to May 24, 2017, Mark S. Carter Esq. had been in contact with Mr. [Filippis's] office in response to an information subpoena served by his office on the defendant. In letters to Mr. Carter on March 29 and April 19, 2017, Mr. Filippis inquired as to how the defendant intended to pay the judgment balance, but no payment proposal was communicated to him, except in a telephone conversation on May 24, 2017 when Mr. Carter called and asked if the defendant would be able to have the bank levy released in exchange for a credit card payment in the amount of $5,000.00 to be used as a credit towards the judgment balance because the levy was causing the defendant issues with her bank

4

account.  At no time did Mr. Carter state or argue that service of the summons or complaint was defective in any manner.

Based on the foregoing, this court finds there is no basis to defendant's claim that she was not served with the summons or complaint or has been denied due process.

On October 16, 2017, defendant moved to vacate the default judgment and restore the case to the active list.  The motion was supported by defendant's certification and a brief.  Her moving papers certified she gave birth to her son on June 27, 2017, and was unable to communicate with and assist her attorney for several weeks "due to lack of sleep, erratic hours, and difficulty with focus." At that time defendant did not have the case file other than the notice of levy.

With regard to service of process, the moving papers certified defendant had not resided with her mother at the Englewood address since August 2, 2013, when she relocated to North Carolina.  Annexed as exhibits to the motion were defendant's North Carolina driver's license issued on June 29, 2015, an apartment lease defendant entered into on August 2, 2013, to rent an apartment in Raleigh, North Carolina, and defendant's Wake County voter registration card issued on September 30, 2013.  Defendant asserts that her mother told the sheriff's officer that defendant had moved out two years earlier.

Defendant contends the service of process under Rule 4:4-4 was defective because she was not a member of her mother's household at the time service was made. She claims to have a meritorious defense to the action based on the medical services being necessary due to a botched surgical procedure by her plastic surgeon, resulting in the need to remove the breast implants he had inserted.

The record also demonstrates that defendant attempted to address the lawsuit starting in 2015. Attempts to retain counsel were difficult, some miscommunication with counsel occurred, and a pro se motion was rejected due to an insufficient filing fee and subsequent misplacement by the court of her money order. Ultimately, her pro se motion was rejected because default had already been entered against her.

Defendant moved to vacate the default judgment on October 16, 2017. The motion was denied on November 3, 2017. In a handwritten statement of reasons, the motion judge stated: "The issue of due process and service was decided by [a judge] by order of June 28, 2017. No motion for reconsideration was timely filed and no appeal was taken." The June 28, 2017 order pertained to plaintiff's turnover motion. This appeal followed.

A-2268-17T1

Defendant argues the default judgment is void ab initio due to plaintiff's failure to effectuate proper service. Defendant further argues that plaintiff's failure to serve her with notice of entry of default violated due process and Rule 4:43-1. We agree.

Defendant's moving papers demonstrated insufficient service of process. The exhibits attached to her certification show that she had moved to North Carolina in 2013 and no longer lived with her mother at the Englewood address when service was made on October 14, 2015.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). "Failure to give notice violates 'the most rudimentary demands of due process of law.'" Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84 (1988) (quoting Armstrong v. Manzo, 380 U.S. 545, 550 (1965)).

Here, personal jurisdiction over the defendant was not achieved. "[O]nly 'wiping the slate clean'" will restore defendant "'to the position [she] would have occupied had due process of law been accorded to [her] in the first place.'" Id.

A-2268-17T1

at 87 (quoting <u>Armstrong</u>, 380 U.S. at 552). The judgment was void <u>ab initio</u>. The trial court erred by not vacating the default and judgment. We reverse and remand to the trial court for entry of an order vacating the judgment and dismissing the complaint without prejudice.

Reversed and remanded.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

8