

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00145-CV

_____

VICKER SICHANTHAVONG, APPELLANT

V.

TINA HERNANDEZ, APPELLEE

On Appeal from County Court at Law Number One
Potter County, Texas
Trial Court No. 103,599-1; Honorable R. Walton Weaver, Presiding

November 18, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Vicker Sichanthavong, proceeding *pro se*, appeals the trial court's dismissal of his suit against Appellee, Tina Hernandez, in a landlord/tenant dispute. By two issues, Sichanthavong maintains the trial court's dismissal order is void. We affirm the trial court's order.

**BACKGROUND**

According to the record, Sichanthavong and Hernandez entered into a contract for rental property. When Hernandez became delinquent in her rent, in 2010, and again in 2012, he obtained judgments against her in justice court.

In 2015, Sichanthavong again filed suit, this time in county court, under the Texas Theft Liability Act; TEX. CIV. PRAC. AND REM. CODE ANN. §§ 134.001-.005 (West 2019), and under section 31.04(a)(4) of the Texas Penal Code for theft of service.[1] TEX. PENAL CODE ANN. § 31.04(a)(4) (West 2010). He filed a motion seeking to have his grievances prosecuted as a criminal matter.

In April 2019, the case was called as part of the trial court's dismissal docket. During an exchange with the trial court, it became apparent that Hernandez had never been served to answer the most recent suit. Noting due process concerns, the trial court dismissed the suit for want of prosecution. Appellant challenges that dismissal.

**APPLICABLE LAW**

An appellate court reviews a trial court's decision to dismiss a case for want of prosecution under an abuse of discretion standard. *In re M.N.H.,* No. 07-18-00343-CV, 2019 Tex. App. LEXIS 4958, at *6 (Tex. App.—Amarillo, June 14, 2019, no pet. h.) (mem. op.). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

---

[1] In the issuance of this opinion, we express no opinion on the viability of Sichanthavong's suit.

When a defendant does not answer a suit, a trial court acquires jurisdiction over that defendant solely on proof of proper service. *See* TEX. R. CIV. P. 107. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under certain circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896, 99 L. Ed. 2d 75 (1988).

Furthermore, a trial court has considerable discretion in managing its docket. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015). Rule 165a of the Texas Rules of Civil Procedure authorizes the trial court to dismiss a suit that has not been disposed of within the time standards promulgated by the Texas Supreme Court. *See Pantex Sales, Inc. v. Dale Roush Farms of Tex.*, No. 07-17-00401-CV, 2019 Tex. App. LEXIS 1144, at *7 (Tex. App.—Amarillo Feb. 14, 2019, no pet.) (mem. op.).

### ANALYSIS

At the dismissal docket hearing, Sichanthavong admitted to the trial court that he did not understand about filing a citation with the trial court clerk and that he had made no attempt at alternative service on Hernandez. Finding that a sufficient time had passed in which to properly serve Hernandez (four years), the trial court dismissed the suit. We find the trial court did not abuse its discretion in so doing. Issues one and two are overruled.

3

**CONCLUSION**

The trial court's *Order of Dismissal* is affirmed.


Patrick A. Pirtle<br>
Justice