

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00696-CV

———————————————

JEANNE MARIE BLAIR, Appellant

V.

DALE RAY BLAIR, Appellee

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CV24-11-876

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

The trial court granted the request of Appellee Dale Blair, pro se, to appoint a receiver to sell property (the Property), owned by Dale and his ex-wife Jeanne Blair,[1] in accordance with a 2013 final decree of divorce. In four issues, Jeanne, also pro se, argues that the trial court's order appointing a receiver was an abuse of discretion (issues one and four); was barred by limitations, laches, and dormancy of the divorce decree (issue two); and violated her due-process rights (issue three). Because Jeanne has not shown an abuse of discretion, and because her other complaints are not preserved or are not supported by the record, we will affirm.

## Background

Dale and Jeanne divorced in 2013. The final decree of divorce ordered the parties to list the Property for sale and contemplated appointment of a receiver if the Property had not been sold by the next year:

> IT IS FURTHER ORDERED AND DECREED that the [P]roperty . . . shall be sold under the following terms and conditions:
>
> 1. The parties shall agree on a licensed Texas realtor[ ] . . . [by] March 14, 2013. If the parties are unable to agree on a realtor within that time, then each shall employ his or her own realtor.
>
> 2. The [P]roperty shall be sold "as is" and any offer for purchase which exceeds the price set forth in the Court's "Court Ruling on Final Hearing," which is in possession of the parties, shall be automatically accepted by both parties.

---

[1]Because the parties share a last name, we refer to them by their first names.

3. [Jeanne] shall continue to make all payments of principal, interest, taxes, and insurance on the [P]roperty during the pendency of the sale, and [Jeanne] shall have the exclusive right to enjoy the use and possession of the premises until closing.

4. IT IS ORDERED that the [P]roperty shall remain on the real estate market until March 15, 2014, before a party may apply to the Court for a court-appointed receiver to sell the [P]roperty. If the [P]roperty is sold by the court-appointed receiver, the party pursing the receivership shall be reimburse[d] from the final sales proceeds one-half (1/2) of the attorneys' fees and court costs incurred by such party relative to the receivership sale.

5. The net sales proceeds . . . shall be distributed as follows: [Jeanne] shall be awarded 57.50% of the net sales proceeds and [Dale] shall be awarded 42.50% of the net sales proceeds.

In November 2024, Dale filed a "Motion for Contempt" and a "Motion to Enforce the Property Division Ordered in the Final Divorce Decree," seeking enforcement of the decree. He alleged that Jeanne had never listed the Property for sale, had refused to sell it, had refinanced and received loans on the Property without his knowledge, and had filed a lis pendens against the Property to stop a realtor from listing or selling it. Meanwhile, Jeanne filed a petition for specific performance of the decree, seeking to enforce an alleged agreement under which she would buy the Property under the decree's terms.[2] At that time, Jeanne was represented by counsel.

---

[2]The divorce had been adjudicated in County Court at Law No. 2 in Wise County, and Jeanne filed her petition in that court. The presiding judge of that court, Judge Manoushagian, recused herself—she had represented Jeanne in the divorce— and transferred the case to the 271st District Court. *See* Tex. Gov't Code § 25.2512 (providing that a county court at law in Wise County has concurrent jurisdiction with the district court in family law cases and proceedings and that a county court at law judge and a district court judge with concurrent jurisdiction may

In April 2025, Dale moved for summary judgment. He attached to his motion a text message, purportedly from Jeanne, in which she stated that Dale "can't force [her] to sell before [she's] ready" and that she would not be ready to sell until she retired. He also attached a copy of the divorce decree. Jeanne apparently also moved for summary judgment, but that motion is not in the record.

In July 2025, the trial court held a hearing on the summary judgment motions. The trial court reviewed the relevant part of the divorce decree and, at the end of the hearing, ordered the parties to mediate and set a hearing for September 11. After the July hearing, Dale filed a motion to appoint a receiver. The trial court signed an order setting the motion for a hearing on the same date as the previously-set hearing, September 11. The e-filing automated certificate of service showed that Jeanne and her attorney were served with the notice on July 14, 2025. On July 16, she and her attorney were served through e-filing with another notice regarding the September 11 hearing; this notice described the Property and stated that at the hearing, the trial court would consider Dale's request to appoint a receiver to take possession of and sell the Property.

By the time of the September 11 hearing, Jeanne no longer had retained counsel and was representing herself pro se. After determining that the parties had

transfer cases between the courts in the same manner that judges of district courts transfer cases under Government Code Section 24.003); *see also id.* § 24.003 (providing that in counties with at least two district courts, a district judge may transfer cases to another district court in the county).

not mediated,[3] the trial court announced that it was "going to go ahead and appoint a receiver" to sell the Property. The next week, the trial court signed an order appointing Meagan Fuller as receiver. In the order, the trial court included multiple findings: "the decree required the [P]roperty to be placed on the market for sale[,] but if the [P]roperty had not sold by March 15, 2014[,] . . . either party could apply to the [trial] court for a court-appointed receiver to sell the [P]roperty"; the Property "was not sold by March 15, 2014"; and "the appointment of a receiver is necessary in order to enforce the provisions of the [d]ecree."

However, in October 2025, the trial court removed Fuller as receiver. On November 5, the trial court held a hearing at which it stated that Fuller had asked to withdraw because "the animosity that [the parties had] for one another is spilling over to where people that [the trial court] ha[d] appointed to do a job -- that [the parties] are making things difficult or . . . made things difficult for them." The trial court informed the parties that under its interpretation of the decree, "either one of [them] would have a right to request a receiver . . . to have someone appointed to sell the [P]roperty," noted that Dale had done so, and stated that it intended to appoint a new receiver.

---

[3]After the July hearing, Dale had filed a written objection to mediation.

The next month, before the trial court appointed a new receiver, Jeanne filed an "amended motion to consider equitable defenses,"[4] raising laches. The motion further asserted that Dale had "waived any [alleged property rights]" by not acting sooner and that estoppel applied because she had "relied on the finality of the decree and made financial and personal decisions in the years since." The trial court did not sign any order on this motion. Two days later, on December 4, 2025, the trial court signed an amended order appointing a new receiver (the Order). Jeanne now appeals. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(1).

## Standard of Review

We review for an abuse of discretion a trial court's post-divorce appointment of a receiver to enforce a divorce decree. *Smith v. Myers*, No. 01-13-00722-CV, 2014 WL 3002086, at *2 (Tex. App.—Houston [1st Dist.] July 1, 2014, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

---

[4]According to the case summary included in the clerk's record, Jeanne filed her original motion of that name in October 2025, after the trial court had appointed Fuller and then released her. However, that motion is not in the record.

6

## Discussion

### I. Issues One and Four

In Jeanne's first issue, she argues that the trial court abused its discretion by appointing a receiver while taking internally inconsistent positions regarding the governing law, including alternately invoking the "rule of law" and considerations of "fairness," refusing to enforce express terms of the divorce decree, and proceeding without resolving threshold legal questions. In her fourth issue, she argues that the trial court abused its discretion "by imposing an overbroad and disproportionate receivership—displacing [her] from her longstanding residence and business—despite the absence of evidence of waste, mismanagement, imminent harm, or the inadequacy of less intrusive remedies." Because both issues assert that the Order was an abuse of discretion, we consider them together.

Under Jeanne's fourth issue, she argues that a receivership is a "remedy of last resort," and the proponent of a receiver "bears the burden to show imminent danger to property and that no less intrusive remedy will suffice." Jeanne contends that the trial court abused its discretion because there was "no evidence of waste, concealment, mismanagement, or imminent loss," the record does not "reflect that ordinary enforcement mechanisms were attempted or found inadequate," and the

Order was "imposed without evidentiary justification"[5] and was "disproportionate as a matter of law."

But the cases on which Jeanne relies did not involve appointment of a receiver under a prior divorce decree authorizing the appointment to effectuate the trial court's division of marital property. *See Chapa v. Chapa*, No. 04-12-00519-CV, 2012 WL 6728242, at *1–2 (Tex. App.—San Antonio Dec. 28, 2012, no pet.); *Rowe v. Rowe*, 887 S.W.2d 191, 200 (Tex. App.—Fort Worth 1994, writ denied). Here, the trial court took judicial notice of the parties' divorce decree and its terms, and the decree specifically provided that the Property had to be sold. It was undisputed that the Property was never sold, and Jeanne acknowledges as much in her brief. Jeanne's own pleadings reflect that she did not want to list the Property for sale; rather, she wanted to buy the Property by making an offer that, she argued, Dale was required to accept.[6] The decree allowed for appointment of a receiver if the Property had not been sold by March 2014, and courts have routinely held that a trial court may include such a

---

[5]The trial court considered the decree's terms in reaching its decision. Neither party attempted to introduce other evidence at the hearings, asked the trial court to consider evidence attached to their respective summary judgment motion, or set a separate evidentiary hearing. However, both parties admitted below that the Property had not been sold.

[6]At multiple hearings, the trial court made statements suggesting that it did not agree with Jeanne's interpretation of the decree.

8

provision in a divorce decree for property that is incapable of partition in kind.[7] *See, e.g., S.T. v. H.K.*, Nos. 02-21-00408-CV, 02-21-00420-CV, 02-22-00010-CV, 2023 WL 2607751, at *18 (Tex. App.—Fort Worth Mar. 23, 2023, pet. denied) (upholding conditional receivership order in divorce decree and citing cases holding same); *Rusk v. Rusk*, 5 S.W.3d 299, 306–07 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (noting that trial court's authority to make just and right division of marital property under Family Code Section 7.001 can include authority to appoint receiver to effectuate trial court's judgment); *cf. Allen v. Allen*, No. 02-17-00031-CV, 2018 WL 547586, at *6 (Tex. App.—Fort Worth Jan. 25, 2018, no pet.) (holding that the trial court had implicitly found that couple's residence was incapable of partition in kind and that equity required a partition by sale and further holding that trial court was authorized by statute and procedural rules to appoint receiver to accomplish sale). Jeanne does not address this line of authority. Under the particular circumstances presented here, we cannot say that the trial court's appointment of a receiver was without justification or was disproportionate.

Under Jeanne's first issue, she argues that the trial court "treated the proceeding as a ministerial enforcement of a divorce decree" but also appointed the receiver "without first determining whether equitable jurisdiction existed," positions that she contends were "internally inconsistent" because "[i]f the matter was purely

---

[7]The record does not reflect that either party appealed the decree, including the trial court's implicit finding that the Property could not be partitioned in kind.

9

ministerial enforcement, no equitable receivership was authorized." To the extent that we understand her argument, she cites no authority for it, and it therefore presents nothing for review. *See* Tex. R. App. P. 38.1(i).

Jeanne also argues that the trial court did not comply with "Texas Remedies of Civil Procedures 695, 695(a)." We assume that she means Texas Rule of Civil Procedure 695, which provides that "no receiver shall be appointed without notice to take charge of property [that] is fixed and immovable," and Rule 695a, which provides that no receiver shall be appointed with authority to take charge of property until the party applying for the receiver has filed "a good and sufficient bond . . . in the amount fixed by the court." Tex. R. Civ. P. 695, 695a.[8]

We address her complaint regarding Rule 695 under her third issue. As for her complaint regarding Rule 695a, to the extent that the rule applies here, she did not raise her complaint in the trial court, and she has therefore waived her complaint.[9] *See Green Diesel, LLC v. VicNRG, LLC*, No. 14-13-00017-CV, 2013 WL 3354645, at *3 (Tex. App.—Houston [14th Dist.] July 2, 2013, no pet.) (noting that errors in receivership procedure may be waived); *Fite v. Emtel, Inc.*, No. 01-07-00273-CV, 2008 WL 4427676, at *9 (Tex. App.—Houston [1st Dist.] Oct. 2, 2008, pet. denied)

---

[8]Rule 695a further provides that in a divorce case, the trial court "may dispense with the necessity of a bond." Tex. R. Civ. P. 695a.

[9]The Order required the receiver to post a surety bond.

(mem. op. on reh'g) (providing that appellants had waived any issue regarding trial court's failure to require receivership applicant to post bond).

In Jeanne's reply brief, she argues for the first time that the Order "lacks essential guardrails" because it does not "set a vacate date, define conditions under which possession may be taken, or articulate limits on entry marketing[ ] or showings." Jeanne may not raise new issues in her reply brief, *see Hancock v. Championx, LLC*, No. 15-24-00111-CV, 2026 WL 692439, at *7 (Tex. App.—15th Dist. Mar. 12, 2026, no pet. h.), she does not cite any authority to support these arguments, *see* Tex. R. App. P. 38.1(i), and she did not raise these arguments in the trial court, *see* Tex. R. App. P. 33.1. Moreover, we note that the Order authorized the receiver to take charge and keep possession of the Property, including, if necessary, actual possession; to take all actions necessary to prepare the Property for sale and complete the sale; and to advertise, display, and show the Property as the receiver sees fit.

Jeanne also argues that the Order contradicts the divorce decree because the decree allowed her to remain in possession until closing. Even assuming we agreed with her interpretation of the decree and the Order, she did not raise this argument in her opening brief. Moreover, she does not tell us where she raised it below, and we have not found where she did so. *See* Tex. R. App. 33.1, 38.1(i).

We overrule Jeanne's first and fourth issues.

11

## II. Issue Two

In Jeanne's second issue, she argues that the Order was barred by "limitations, laches, and dormancy." Jeanne did not plead the affirmative defenses of laches and limitations. *See* Tex. R. Civ. P. 94; *Campbell v. Pompa*, 585 S.W.3d 561, 569 (Tex. App.—Fort Worth 2019, pet. denied) (noting that affirmative defenses must be pled).[10] To the contrary, as Dale points out, Jeanne also sought to enforce the decree by filing her petition for specific performance, seeking to compel Dale to accept her offer for the Property based on the decree's provisions.

A party waives an affirmative defense if the defense is not pleaded or tried by consent. *Hendrix v. AAL Organic Matters, LLC*, No. 11-22-00199-CV, 2024 WL 2194597, at *2 (Tex. App.—Eastland May 16, 2024, no pet.). Here, the defenses were not pleaded. Moreover, they were not tried by consent. The record does not reflect that Jeanne raised them before she filed her "amended motion to consider equitable defenses" after the hearing at which the trial court announced it would be appointing a receiver.[11] The record does not reflect that Jeanne ever set her

---

[10]If Jeanne raised these defenses in her October 2025 motion, she did not amend her answer to plead them. If she raised them in a summary judgment motion, she did not include that motion in the record. Jeanne's brief also cites Texas Civil Practice and Remedies Code Section 16.026, which addresses adverse possession. *See* Tex. Civ. Prac. & Rem. Code § 16.026. Jeanne does not discuss the elements of adverse possession or explain if or how she established them in the trial court.

[11]Dale apparently moved to strike the motion. The record does not contain Dale's motion to strike, but it contains Jeanne's response to his motion.

motion for a hearing, and the motion was not argued at any of the hearings in the case. *See Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009) (noting that issue is tried by consent when both parties present evidence on issue and issue is developed during trial without objection). Thus, Jeanne has waived these defenses.

As for her allegation that the decree was dormant, she did not raise the issue in the trial court, *see* Tex. R. App. P. 33.1, and—perhaps for that reason—although the record shows that the decree had been issued more than ten years before Dale filed his action, the record does not reflect that it had become dormant, *see* Tex. Civ. Prac. & Rem. Code § 34.001. We overrule Jeanne's second issue.

## III. Issue Three

Under Jeanne's third issue, she argues that the Order violated her due-process rights. Under this issue, she makes multiple arguments. First, she argues that the trial court appointed a receiver without notice. *See* Tex. R. Civ. P. 695 (providing that when an application for appointment of a receiver to take possession of fixed and immovable property is filed, the trial court must set the application for a hearing, and the adverse party must be given at least three days' notice of the hearing). However, the record contradicts her assertion. The record shows that notice of the hearings regarding appointment of a receiver were sent to her electronically and that she appeared at the hearings. She does not argue that the notices were defective in some way or explain why they were insufficient to provide her with notice. *See* Tex. R. App.

13

P. 38.1(i). Moreover, she did not object at the hearings that she had not received adequate notice.

Second, Jeanne argues that the trial court failed to conduct an evidentiary hearing and that the record "contains no competent evidence establishing imminent harm, waste, mismanagement, or the inadequacy of less intrusive remedies." She argues that because of the lack of such evidence and the failure of the Order to contain findings justifying the appointment of a receiver, the Order violates her due-process rights. She cites no authority to support these arguments, *see* Tex. R. App. P. 38.1(i), she does not address the trial court's consideration of the decree's terms, and as noted, she does not address the case law addressing a trial court's authority to appoint a receiver to effectuate the divorce decree's property division. Further, the record does not reflect that she raised her constitutional arguments in the trial court, and she has therefore waived them. *See Jafri v. Aljuhani*, No. 14-24-00692-CV, 2026 WL 775419, at *7 (Tex. App.—Houston [14th Dist.] Mar. 19, 2026, no pet.) (noting that due-process complaints can be waived by the failure to timely raise them in trial court).

In her reply brief, Jeanne argues that her due-process rights were violated because the Order "provides no vacate date, no criteria for when possession may be taken, and no procedure governing entry or showings." She cites no authority for the proposition that the Order needed to include information about showings or the date

by which Jeanne must vacate,[12] *see* Tex. R. App. P. 38.1(i), and she did not raise these arguments in the trial court. *See Jafri*, 2026 WL 775419, at *7.

We overrule Jeanne's third issue.

We deny Dale's pending motion for sanctions. All other pending motions are denied as moot.

## Conclusion

Having overruled Jeanne's four issues, we affirm the Order.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: June 4, 2026

---

[12]The only authority cited by Jeanne in this part of her brief is *University of Texas Medical Branch at Galveston v. Barrett*, 159 S.W.3d 631, 632 (Tex. 2005), and *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 108 S. Ct. 896 (1988), which do not address the requirements for receivership orders. Moreover, she does not address the Order's language relating to the receiver's authority to show the Property.

15